﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181030-725
DATE: February 26, 2019

ORDER

The appeals for service connection for eczema, increased ratings for limitation of right knee and semilunar impairment, and earlier effective dates for assignment of the right knee ratings, are dismissed. 

Service connection for Parkinson's disease is granted.

Service connection for diabetes mellitus, type II, is granted.

Service connection for bipolar disorder is granted.

REMANDED

Entitlement to total disability based upon individual unemployability (TDIU) is remanded.

FINDINGS OF FACT

1. On November 6, 2018, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran’s representative, that a withdrawal of his appeal for service connection for eczema, increased ratings for limitation of right knee and semilunar impairment, and earlier effective dates for assignment of the right knee ratings, was requested.

2. The evidence currently before the Board tends to show the Veteran was exposed to herbicide agents during service while stationed at the DMZ in Korea as consistent with places and circumstances of his service. 

3. The competent and probative evidence establishes that the Veteran’s current Parkinson’s disease is due to his in-service exposure to herbicide agents per the probative competent evidence of record.

4. The competent and probative evidence establishes that the Veteran’s current diabetes mellitus is due to his in-service exposure to herbicide agents per the probative competent evidence of record.

5. The competent medical evidence relates the Veteran’s current bipolar disorder to his active service.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal by the Veteran have been met as to the claims for service connection for eczema, increased ratings for limitation of right knee and semilunar impairment, and earlier effective dates for assignment of the right knee ratings. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

2. The criteria for service connection for Parkinson's disease have been met. 38 U.S.C. §§ 1110, 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310.

3. The criteria for service connection for diabetes mellitus, type II, have been met. 38 U.S.C. §§ 1110, 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310.

4. The criteria for service connection for bipolar disorder have been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). AMA became effective on February 19, 2019. This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program as opted into by the Veteran via his representative in May 2018. Subsequently, VA issue a RAMP determination in September 2018 and the Veteran filed an appeal to the Board in October 2018 and selected evidence submission (no hearing).

The Veteran had active service in the United States Army from November 1973 to November 1976. 

The new and material evidence issues regarding bipolar disorder and diabetes mellitus, type II, have been recharacterized to reflect the new evidentiary standard under the AMA of new and relevant evidence. Pub. L. No. 115-55, § 5108, 

131 Stat. 1105, 1109. 

Issues withdrawn

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn in writing as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In a November 2018 statement of accredited representative, the Veteran’s attorney stated that the Veteran was withdrawing his appeals of service connection for eczema, increased ratings for limitation of right knee and semilunar impairment, and earlier effective dates for assignment of the right knee ratings. The attorney listed the current issues on appeal, the issues being withdrawn, and presented arguments for the remaining issues on appeal. The Board finds these statements are explicit, unambiguous as they clearly state what is to be done, and show an understanding of the consequences. DeLisio v. Shinseki, 25 Vet. App. 45, 57 (2011).

In the present case, the Veteran has withdrawn his appeals for service connection for eczema, increased ratings for limitation of right knee and semilunar impairment, and earlier effective dates for assignment of the right knee ratings; hence, there remain no allegations of errors of fact or law for appellate consideration as to these matters. Accordingly, the Board does not have jurisdiction to review the above listed issues, and they are dismissed.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. In order to establish entitlement to service connection, there must be 1) evidence of a current disability; 2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and 

3) causal connection between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

VA will presume that a veteran who served in Korea between April 1, 1968 and August 31, 1971 was exposed to herbicide agents if they: (1) served in a unit that, as determined by the Department of Defense (DOD), operated in or near the Korean DMZ in an area in which herbicides are known to have been applied during that period); and (2) herbicides are known to have been applied in the area in which they served. See 38 C.F.R. § 3.307(a)(6)(iv).

Service incurrence for certain diseases, to include diabetes mellitus, type II and Parkinson’s, will be presumed on the basis of association with certain herbicide agents (e.g., Agent Orange). 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Such presumption, however, requires evidence of actual or presumed exposure to herbicides. Id. 

Notwithstanding the foregoing presumption provisions, a claimant is not precluded from establishing service connection with proof of direct causation. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that the availability of presumptive service connection from some conditions based on exposure to Agent Orange does not preclude direct service connection for other conditions based on exposure to Agent Orange); Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). Thus, presumption is not the sole method for showing causation.

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57–58 (1990).

Agent Orange Exposure

The Veteran asserts that he was exposed to herbicides while he was stationed at the DMZ in Korea in December 1975. 

The question for the Board is whether the Veteran was exposed to herbicides during his service, outside of the presumptive period. 

The Board concludes that the evidence tends to show that the Veteran was exposed to herbicides during active service at the DMZ. His military service records show that he was stationed at the DMZ in December 1975 to April 1976. 

The Veteran has submitted a private opinion that details herbicide exposure at the DMZ. The physician acknowledges that the Veteran served at the DMZ outside of the presumptive period. However, she cites relevant studies that report herbicide agents lasting for years in the soil as evidenced by studies showing substantial levels of Picloram six years after application of herbicides. She concludes that the Veteran was exposed to herbicides while stationed at the DMZ. 

The Board finds this opinion to have probative weight. The physician has extensive experience in military medicine as well as policy development within VA. She has supported her opinions and conclusions with appropriate studies and has differentiated negative studies concerning herbicide exposure. As such, the Board finds this opinion to have much probative weight. 

As such, the Board finds that the evidence tends to show that the Veteran was exposed to herbicides outside of the presumptive period while stationed at the DMZ. The Board notes that clear evidence is not needed, just that the evidence on a material issue be in equipoise. Here, the evidence of record, establishes that the Veteran had service at the DMZ. Furthermore, he has provided probative evidence that tends to show that herbicides persist in the soils for years after following application. Moreover, the Board notes that there is no negative finding in the claims file performed by the Joint Service Records Research Center (JSRRC). Given the above, the Board concludes that the Veteran is entitled to presumptions based on exposure to herbicides based on the facts of this particular case and the evidence before the Board. See 38 C.F.R. §§ 3.307, 3.309, 20.1303. 

1. Service connection for Parkinson's disease is granted.

The Veteran contends that his Parkinson’s disease is related to in-service herbicide exposure. The Veteran has a current diagnosis of Parkinson’s disease. The question in this case is whether a causal relationship or nexus exists between the Veteran’s Parkinson’s disease and his active service. 

The Board concludes that because Parkinson’s disease is a condition for which service connection can be granted on a presumptive basis when exposure to herbicide agents is established, entitlement to service connection for Parkinson’s disease is granted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53. This issue is granted. 

2. Service connection for diabetes mellitus type II is granted.

The Veteran contends that his diabetes mellitus, type II, is related to in-service herbicide exposure. The AOJ found that the Veteran has a current diagnosis of diabetes mellitus, type II. 

As such, the question in this case is whether a causal relationship or nexus exists between the Veteran’s current diabetes mellitus, type II, and his active service. 

The Board concludes that because diabetes mellitus, type II, is a condition for which service connection can be granted on a presumptive basis when exposure to herbicides is established, entitlement to service connection for diabetes mellitus, type, II, is granted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53. This issue is granted. 

3. Service connection for bipolar disorder is granted.

The Veteran contends that his bipolar disorder began in active service. The AOJ made a favorable finding that the Veteran has a current diagnosis of bipolar disorder. 

As such, the question in this case is whether a causal relationship or nexus exists between the Veteran’s current bipolar disorder and his active service. While, the Board notes that the Veteran’s service treatment records are absent for bipolar disorder, the Board finds that a causal relationship or nexus exists. 

The private July 2013 opinion stated that it was more likely than not that the Veteran’s bipolar disorder began in the military. The examiner relied on behavior changes noted by family members and friends. The September 2016 private opinion also provided a positive nexus. The examiner relied on the Veteran’s mixed behavior in service as well as a history of mood swings and drug use. The examiner also noted lay statements explaining the Veteran’s mood changes as well as working with others. The November 2017 addendum also continued the positive nexus opinion, to include noting the interview with the Veteran and statement that there was a “clear emergence of the signs and symptoms” while the Veteran was stationed at Ft. Lewis. 

The Board finds these opinions to have probative weight as they all reviewed the Veteran’s claims file, relevant lay statements, and supported their conclusions with appropriate rationale. 

In short, the preponderance of the evidence is in favor of finding that the Veteran’s bipolar disorder began during his active service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. This issue is granted. 

REASONS FOR REMAND

Entitlement to individual unemployability is remanded.

The Veteran is seeking entitlement to a TDIU based on his service-connected disabilities, which now include Parkinson’s disease, bipolar disorder, and diabetes mellitus, type II. As such, the TDIU claim is inextricably intertwined with the Board’s grant of service connection for these disabilities and pending assignment of their corresponding rating percentages by the AOJ. Consideration of the TDIU must be deferred pending implementation of the awards granted herein. See 38 C.F.R. § 20.802(a) (eff. Feb. 19, 2019) (“The Board may remand for correction of any other error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim.”). As the Board is granted service connection for several disabilities, the Board finds a remand to the AOJ would allow for a reasonable possibility of substantiating the TDIU matter.

(CONTINUED ON THE NEXT PAGE)

 

The matter is REMANDED for the following action:

The Board decision herein granting service connection for Parkinson’s disease, bipolar disorder, and diabetes mellitus, type II, should be implemented by the AOJ, including assigning disability ratings and effective dates. The Veteran and his representative should be properly notified thereof and of his appellate rights. Readjudicate the TDIU matter and issue proper notification of the determination.

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD G. Morales, Associate Counsel